ALTENBERND, Judge.
 

 Lonnie Lee Small appeals a trial court order denying his postconviction motion in which he sought proper credit for time served pursuant to Florida Rule of Criminal Procedure 3.800(a). The motion concerns a sentence imposed on February 7, 2008, for sale of cocaine. Mr. Small entered a negotiated plea to this offense in exchange for a sentence of 39.6 months’ incarceration, which was to be served concurrently with two previously-imposed sentences. Although Mr. Small inartfully describes his claim as one involving coterminous sentences, it does appear that he has an unresolved issue that requires further attention by the trial court and which may entitle him to immediate release. Accordingly, we reverse and remand for further proceedings.
 

 By three separate felony informations, the State charged Mr. Small for three drug-related offenses committed between mid-November 2004 and late February 2005. Mr. Small resolved the first and the third of these charges in April 2006 through a negotiated plea that called for concurrent sentences of 39.6 months. For reasons that are not explained in our record, he did not resolve the second offense at that time. While this second offense was still pending, Mr. Small was placed in the custody of the Department of Corrections to begin serving the two concurrent sentences.
 

 In February 2008, Mr. Small was returned to Collier County to plead to the remaining charge. He negotiated the same sentence that he had received for the first two offenses — 39.6 months. Although the discussion at the hearing is couched in terms of concurrent sentences, it appears from the discussion that Judge Baker, Mr. Small, the assistant state attorney, and the assistant public defender all believed that he would receive credit for the time spent in DOC custody awaiting sentencing, just as he would have received credit if he had remained in the Collier County Jail awaiting resolution of this charge. In this regard, the record reflects the following brief exchange:
 

 ASSISTANT PUBLIC DEFENDER: What we’re trying to establish is that this was going to run concurrent with the two cases that he was pleading on originally for the 39 months.
 

 THE COURT: It is.
 

 ASSISTANT STATE ATTORNEY: It is.
 

 THE CLERK: I think 2/5, I was thinking—
 

 ASSISTANT PUBLIC DEFENDER: And all of his time would, that he would get out at the same time he originally was intended to get out.
 

 THE COURT: Okay. That’s the goal.
 

 Mr. Small did not receive this credit from DOC because it was not a requirement specified in his written sentence. As a result, he has now fully served the sentences for the first and third offenses but has about ten months remaining on the sentence for the second offense. This does not appear to be consistent with the trial court’s oral pronouncement at sentencing or with the trial court’s intended goal at
 
 *347
 
 that hearing. Accordingly, we remand this matter for further consideration by the trial judge to fashion a correct sentence that fulfills his goal. Because Mr. Small appears to be entitled to immediate release, we issue our mandate with this opinion.
 

 Reversed and remanded.
 

 FULMER and CASANUEVA, JJ., Concur.